## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 08 2019, 10:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard E. Standifer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 8, 2019

Court of Appeals Case No.
18A-CR-1794

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1410-F4-11

**Barnes, Senior Judge.**

# Statement of the Case

Leonard E. Standifer appeals his convictions of unlawful possession of a firearm by a serious violent felon, a Level 4 felony;[1] and possession of paraphernalia, a Class A misdemeanor.[2] We affirm.

# Issue

Standifer raises two issues, which we consolidate and restate as: whether the trial court erred in admitting a firearm and paraphernalia into evidence at trial.

# Facts and Procedural History

On the night of October 1, 2014, Sergeant Michael McHenry of the Elkhart County Sheriff's Department was on patrol with his K-9 unit. Sergeant McHenry was trained in deploying K-9 units to search for contraband. He was accompanied by a new officer.

Sergeant McHenry saw a Chrysler Sebring pass him. The Sebring was traveling eighty-five miles per hour in a seventy mile per hour zone, so the sergeant initiated a traffic stop.

Standifer was the Sebring's driver, and no one else was in the car. Sergeant McHenry approached the car and obtained Standifer's driver's license. He

---

[1] Ind. Code § 35-47-4-5(c) (2014).

[2] Ind. Code § 35-48-4-8.3 (2014).

smelled an odor of marijuana emanating from the Sebring. As a result, Sergeant McHenry had Standifer get out of the car and handcuffed him. Standifer admitted he had smoked marijuana several hours prior and that there was a small amount of that drug in the car.

[6] Sergeant McHenry intended to have the K-9 search for the marijuana, but he first searched the passenger compartment to look for anything that could injure the K-9. He found a pill bottle, which he opened. The bottle contained a green leafy substance that later field-tested positive for marijuana. Sergeant McHenry determined at that point that he was going to arrest Standifer.

[7] Next, Sergeant McHenry retrieved his K-9 from his car. The K-9 indicated the presence of controlled substances at the driver's side door handle and at the trunk, near the latch. The sergeant returned the K-9 to his car and opened the trunk. He found a small glass pipe with burnt residue and a brillo pad in a container. Sergeant McHenry recognized those items as commonly used to smoke crack cocaine. In addition, he found a handgun in another container. Further investigation revealed that Standifer had a prior conviction of manslaughter from New York state.

[8] On October 6, 2014, the State charged Standifer with possession of a firearm by a serious violent felon, possession of paraphernalia, and possession of marijuana, a Class A misdemeanor. Standifer filed a motion to suppress, which the trial court denied after a hearing. The case was tried by jury, and the jury

determined he was guilty as charged. The court imposed a sentence, and this appeal followed.

## Discussion and Decision

Standifer does not challenge Sergeant McHenry's decision to pull him over. In addition, Standifer does not challenge the sergeant's search of the passenger compartment of his car, which led to the discovery of the marijuana. Standifer instead claims the search of the trunk violated his federal and state constitutional protections against unreasonable search and seizure. He concludes the trial court should not have admitted the handgun and the paraphernalia into evidence.

The State argues Standifer has waived his constitutional claims for appellate review. The State notes, and Standifer does not disagree, that Standifer failed to object to the admission of the handgun and paraphernalia at trial. "When a motion to suppress has been overruled and the evidence sought to be suppressed is later offered at trial, no error will be preserved unless there is an objection at that time." *Wagner v. State*, 474 N.E.2d 476, 484 (Ind. 1985). We conclude Standifer has procedurally defaulted his constitutional claims.

Standifer next argues in his reply brief that regardless of waiver, admitting the handgun and paraphernalia into evidence was fundamentally erroneous. A panel of this Court has described the fundamental error doctrine as follows:

> The fundamental error doctrine is an exception to the general
> rule that the failure to object at trial constitutes a procedural

default precluding consideration of an issue on appeal. The fundamental error exception is extremely narrow. To qualify as fundamental error, the error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. The fundamental error exception applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.

*Hayworth v. State*, 904 N.E.2d 684, 694 (Ind. Ct. App. 2009) (quotations and citations omitted).

The State claims an appellant may not raise issues, including fundamental error, for the first time in a reply brief. We agree. *See Curtis v. State*, 948 N.E.2d 1143, 1148 (Ind. 2011) (declining to address claim of fundamental error; claim raised for first time in reply brief). As a result, we will not review Standifer's search and seizure claims on the merits or for fundamental error.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Tavitas, J., concur.

Pyle, J., dissent without opinion.